IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3: 13-cv-179

JOHN E. BARNES,

 Plaintiff,

    vs.

LIFE INSURANCE COMPANY of
NORTH AMERICA,

    Defendant.

## COMPLAINT

### PARTIES

1. Plaintiff, JOHN E. BARNES, is a citizen and resident of Cabarrus County, North Carolina.

2. Defendant, LIFE INSURANCE COMPANY of NORTH AMERCIA, (hereinafter "Cigna"), insures and administers a Long-Term Disability ("LTD") benefit plan for employees of Alex Lee, Inc. This group LTD plan is an "employee welfare benefit plan" within the meaning of Section 3(1) of the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(1).

3. Defendant had authority to make LTD benefit determinations under the terms of the Plan and the administrative services agreement, such that the actions of Defendant Cigna are imputed to and binding upon the Plan.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by 29 U.S.C. § 1132.

5. Venue in the Western District of North Carolina is appropriate by virtue of Defendant's presence in this district and Defendant's doing business in this district.

## FACTUAL ALLEGATIONS

6. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Alex Lee, Inc., Long Term Disability Benefits Plan.

7. The Plan and Plan Administrator delegated all claims administration responsibility to Cigna.

8. Plaintiff was employed as a Butcher and meat market manager before he became disabled. Plaintiff was forced to stop working on or about March 30, 2003, because of Non-Hogdkins Lymphoma and associated side effects, including disabling pain secondary and cognitive impairments. As a result, he could not perform the essential functions of his occupation or any other occupation for which he was reasonably suited by virtue of his training, experience, and education.

9. Plaintiff submitted a claim for long-term disability ("LTD") benefits to Defendant and furnished Defendant with medical and vocational information supporting his disability benefit claim. Plaintiff's LTD benefits claim was approved by Defendant. He

received LTD benefits until about August 22, 2010.

10. Defendant terminated Plaintiff's LTD benefits, effective August 22, 2010, contending that he is not totally disabled from "any occupation" for which he was reasonably suited by virtue of his training, experience, and education.

11. Plaintiff timely appealed this decision, and submitted additional supporting materials showing that he remained disabled.

12. Defendant denied Plaintiff's appeal by letter dated March 13, 2012.

13. Plaintiff now has exhausted his administrative remedies, and the claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## FIRST CLAIM FOR RELIEF: WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

14. Defendant has wrongfully denied LTD benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

   a. Plaintiff is disabled, as defined by the LTD benefits policy and plan, in that he is unable to perform the material duties of any occupation for which he is reasonably suited by virtue of his training, experience and education;

   b. Defendant failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

   c. Defendant's interpretation of the definition of disability contained in the Policy is contrary to plain language of the Policy and is unreasonable; and

3

d. Defendant has violated its contractual obligation to furnish LTD benefits to Plaintiff.

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendant be ordered to pay LTD benefits according to the terms of the Plan;

2. Enter an Order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendant's wrongful denial of coverage; and

3. Enter an award for such other relief as may be just and appropriate.

This the 20th day of March, 2013.

/s/Edward G. Connette
Edward G. Connette
N.C. Bar No. 9172
*Counsel for Plaintiff*
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727
Ph (704) 285-7622
Fax (704) 372-1357
E-mail: EConnette@EssexRichards.com